In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00023-CR


______________________________




CHARLES GLENDALL MEWBOURN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 3rd Judicial District Court


Anderson County, Texas


Trial Court No. 29370




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Charles Glendall Mewbourn was convicted by a jury of aggravated sexual assault on a child
and the jury assessed his punishment at life imprisonment. (1) Mewbourn complains on appeal that the
trial court erred by allowing the child victim to testify by closed-circuit television rather than in
person in the courtroom, basing his argument on the right to confront adverse witnesses as
guaranteed by the Sixth Amendment to the United States Constitution. U.S. Const. amend. VI.

 The charge which Mewbourn faced was based upon his assault of a five-year-old victim,
whom it was alleged contracted genital herpes from Mewbourn, the diagnosis of the disease
precipitating the investigation leading to the charges. It was this victim who was allowed to testify
by closed-circuit television.

 Mewbourn argues that the State failed to prove with any significant degree of certainty that
the child victim would suffer emotional distress from testifying. Mewbourn elects to point out that
the State's witness regarding this potential emotional distress said that the child's face-to-face
confrontation with Mewbourn could be helpful to the child. Thus, he argues, the statutory and
constitutional requirements were not met, and the trial court could not properly allow the victim to
testify by closed-circuit television.

 A trial court may order the testimony of a child younger than thirteen years of age to be taken
outside the courtroom and televised by closed-circuit equipment where it can be viewed by the court
and the finder of fact if the trial court determines that the child would be unavailable to testify in the
presence of the defendant about an offense, including murder. Tex. Code Crim. Proc. Ann. art.
38.071, §§ 1(1), 3(a) (Vernon Supp. 2007); Gaitan v. State, 257 S.W.3d 1, 3 (Tex. App.--Fort
Worth 2008), cert. denied, 129 S.Ct. 1050 (2009). 

 When determining unavailability of such a witness to be personally present in the courtroom,
the trial court is to consider relevant factors. Some of the factors to be considered are the
relationship of the defendant to the child, the character and duration of the alleged offense, the age,
maturity, and emotional stability of the child, the time which has elapsed since the alleged offense,
and whether the child is more likely than not to be unavailable to testify because of emotional or
physical causes (including confrontation with the defendant), or the child would suffer undue
psychological or physical harm through her involvement at the hearing or proceeding. Tex. Code
Crim. Proc. Ann. art. 38.071, § 8(a)(1)-(2) (Vernon Supp. 2008).

 Recognizing that this statute deprives a defendant of face-to-face confrontation, the trial court
is required to hear evidence and make a case-specific determination: (1) that the use of the statutory
procedure utilized is necessary to protect the welfare of the particular child witness who seeks to
testify; (2) that the child witness would be traumatized (not by the courtroom or trial process
generally but, rather, by the presence of the defendant); and (3) that the emotional distress suffered
by the child witness in the presence of the defendant is "more than de minimis, i.e., more than mere
nervousness or excitement or some reluctance to testify." Hightower v. State, 822 S.W.2d 48, 51
(Tex. Crim. App. 1991); Gonzales v. State, 818 S.W.2d 756, 762 (Tex. Crim. App. 1991). These
requisite findings are not required by the statute, but are constitutionally required. See Maryland v.
Craig, 497 U.S. 836, 855-56 (1990); Hightower, 822 S.W.2d at 51. Should the trial court make
these findings, then the Sixth Amendment does not prohibit the use of a procedure that, despite the
absence of face-to-face confrontation, ensures the reliability of the evidence by subjecting it to
rigorous cross-examination. Gonzales, 818 S.W.2d at 762.

 Further, although the findings need not be individually and explicitly made, they must--at
the minimum--be implicit from the ruling of the court. Lively v. State, 968 S.W.2d 363, 366 (Tex.
Crim. App. 1998); see Edwards v. State, 107 S.W.3d 107, 109-11 (Tex. App.--Texarkana 2003, pet.
ref'd).

 In our review, we look to see whether the trial court abused its discretion by reaching its
decision to allow examination by closed-circuit television in this type of situation. See Hightower,
822 S.W.2d at 53; see also Act of July 18, 1987, 70th Leg., 2d C.S., ch. 55, § 2, 1987 Tex. Gen.
Laws 180, 185 (stating preference for affording "sufficient discretion" to trial courts applying
statute); Marx v. State, 953 S.W.2d 321, 327 (Tex. App.--Austin 1997), aff'd, 987 S.W.2d 577 (Tex.
Crim. App. 1999). 

 In this case, the sole argument raised by Mewbourn focuses on the alleged lack of any
significant amount of evidence (and thus did not make the required "adequate showing") that the
child would suffer any emotional distress from testifying. 

 There was testimony elicited from Dr. Julie Davis, a professional counselor who was
counseling the victim, that the victim had classic symptoms of post-traumatic stress disorder,
suffered nightmares, and that the thought of seeing Mewbourn made the victim "very, very
frightened and that's when she has a lot of these shakes and physical." Davis testified that it would
be very traumatic for the victim to testify in Mewbourn's presence and that it could cause her to once
again experience the traumatic feelings, fear, panic attacks, and anxiety. These adverse reactions,
she said, would not be caused by the courtroom experience generally but, rather, by the presence of
Mewbourn. Davis went on to testify that in terms of a potential for a particular deleterious effect on
the child, employing a scale of 1 to 10, the victim's anxiety was about a 7.5 to 8, and that on the same
scale, there was about a 70 to 80 percent chance that the victim would suffer bad effects from face-to-face testimony for "quite sometime [sic]." 

 The court also questioned the witness. During this, Davis testified that should the child be
forced to testify in Mewbourn's presence, there was a 60 percent chance that the impact on the child
would be seriously negative and about a 40 percent chance that the act of testifying could be positive. 
The referenced evidence was not entirely consistent. However, even the weakest sections of the
testimony made it clear that there was a probability of substantial emotional distress to the victim
from face-to-face confrontation with Mewbourn at trial and that the injury would not be from the
trial itself, but from exposure to the individual, her assailant. Thus, the trial court concluded that it
was in the best interest of the child, as shown by the evidence, to allow examination of the child by
closed-circuit television, rather than having the child testify in the courtroom, facing Mewbourn. 
Although there were no explicit findings announced or entered which support the actions of the trial
court in permitting the closed-circuit television testimony of the child, there is ample evidence to
support implicit findings. The court's ruling is within the exercise of its discretion, as it is supported
by the evidence.

 We affirm. 




 Bailey C. Moseley

 Justice


Date Submitted: September 8, 2009

Date Decided: September 18, 2009


Do Not Publish

1. Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann.
§ 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court
of Appeals and that of this Court on any relevant issue. See Tex. R. App. P. 41.3.